

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

JWA/PL AGR
2008R00554

August 5, 2008

Lisa Mack, Esq.
Office of the Federal Public Defender
972 Broad Street
Newark, NJ 07102

Cr# 08-817

Re:   Plea Agreement with JOHN HENDERSON

Dear Ms. Mack:

This letter sets forth the plea agreement between your client, JOHN HENDERSON, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from JOHN HENDERSON to a one-count Information, which charges bank robbery, in violation of 18 U.S.C. § 2113(a). If JOHN HENDERSON enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against JOHN HENDERSON for robbing the Wachovia Bank in Kenilworth, New Jersey, on April 8, 2008. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by JOHN HENDERSON may be commenced against him, notwithstanding the expiration of the limitations period after JOHN HENDERSON signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2113(a) to which JOHN HENDERSON agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of:  (1) $250,000; (2) twice the gross amount of

any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon JOHN HENDERSON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence JOHN HENDERSON ultimately will receive.

Further, in addition to imposing any other penalty on JOHN HENDERSON, the sentencing judge: (1) will order JOHN HENDERSON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order JOHN HENDERSON to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require JOHN HENDERSON to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should JOHN HENDERSON be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, JOHN HENDERSON may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, JOHN HENDERSON agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to Wachovia Bank in the amount of $3,241.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on JOHN HENDERSON by the sentencing judge, to correct any misstatements relating to the

sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of JOHN HENDERSON's activities and relevant conduct with respect to this case.

Stipulations

This Office and JOHN HENDERSON agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or JOHN HENDERSON from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and JOHN HENDERSON waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against JOHN HENDERSON. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against JOHN HENDERSON.

No Other Promises

This agreement constitutes the plea agreement between JOHN HENDERSON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: JUSTIN W. ARNOLD
Assistant U.S. Attorney

APPROVED:

Erik Sandstedt, Chief
Securities and Health Care Fraud Unit

I have received this letter from my attorney, Lisa Mack, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 9/16/08
JOHN HENDERSON

_____  Date: 9/16/08
Lisa Mack, Esq.

Plea Agreement With JOHN HENDERSON

Schedule A

1. This Office and JOHN HENDERSON recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and JOHN HENDERSON nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence JOHN HENDERSON within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and JOHN HENDERSON further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2007 applies in this case. The applicable guideline is U.S.S.G. § 2B3.1. This guideline carries a Base Offense Level of 20.

3. Specific Offense Characteristic 2B3.1(b)(1) applies because the property of a financial institution was taken. This Specific Offense Characteristic results in an increase of 2 levels.

4. Specific Offense Characteristic 2B3.1(b)(2)(C) applies because JOHN HENDERSON brandished and possessed a firearm. This Specific Offense Characteristic results in an increase of 5 levels.

5. As of the date of this letter, JOHN HENDERSON has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if JOHN HENDERSON's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, JOHN HENDERSON has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If JOHN HENDERSON enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition JOHN HENDERSON's offense level under the Guidelines prior to the operation of § 3E1.1(a)

is 16 or greater, JOHN HENDERSON will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

   7.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to JOHN HENDERSON is 24 (the "agreed total Guidelines offense level").

   8.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 24 is reasonable.

   9.   JOHN HENDERSON knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

   10.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.